# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re: : Chapter 11
                :
    305 EAST 61ST STREET GROUP LLC, : Case No. 19-11911 (SHL)
                :
            Debtor. :
------------------------------------------------------------x

### ORDER APPROVING CREDITOR TRUSTEE'S
### MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR THE ENTRY
### OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
### CREDITOR TRUSTEE, 61 PRIME, LLC, JASON CARTER, AND LAZARUS 5, LLC

Upon the motion dated March 22, 2022 [Dkt. No. 280] (the "Motion")[1] of Kenneth P. Silverman, Esq., the creditor trustee (the "Creditor Trustee") of the 305 East 61st Street Creditor Trust (the "Creditor Trust"), created pursuant to the confirmed chapter 11 plan of 305 East 61st Street Group LLC (the "Debtor"), by his attorneys, SilvermanAcampora LLP, seeking the entry of an order (the "Approval Order"), pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the terms of a settlement agreement (the "Settlement Agreement"), a copy of which was annexed to the Motion as Exhibit A, by and between the Creditor Trustee, 61 Prime, LLC ("Prime"), Jason Carter ("Carter"), and Lazarus 5, LLC ("Lazarus," and together with Prime and Carter, the "Carter Parties"); and upon the Affidavit of Service filed with the Court; and upon the Objection to the Motion and Settlement Agreement filed by Little Hearts Marks Family II L.P. [Dkt. No. 290] (the "Marks Objection"); and upon the Objection to the Motion and Settlement Agreement filed by Thaddeus Pollock [Dkt. No. 294] (the "Pollock Objection"); and upon the Limited Objection to the Motion and Settlement Agreement filed by Onestone 305, LLC [Dkt. No. 298] (the "Onestone Objection"); and upon the Creditor

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

2785603v6 / 068156.1 / HTRUST

Trustee's Reply filed in further support of the Motion and Settlement Agreement [Dkt. No. 296] (the "Creditor Trustee's Reply"); and upon the Statement filed by the Carter Parties in support of the Motion and the Settlement Agreement [Dkt. 299] (the "Carter Parties' Statement"); and the Court having conducted a hearing on the Motion on July 14, 2022 (the "Hearing") at which time the Court reviewed and considered, among other things, the Motion, the Marks Objection, the Pollock Objection, the Onestone Objection, the Creditor Trustee's Reply and the Carter Parties' Statement; and the Court having found that service of the notice of the Hearing, Motion with exhibits and proposed Approval Order is sufficient and that no additional notice being necessary or required; and for the reasons set forth in the Court's Memorandum of Decision, entered November 7, 2022 [Dkt. No. 306] (the "Memorandum of Decision"), the Court having found that the settlement, as memorialized in the Settlement Agreement, is fair, reasonable and in the best interests of the Debtor and the Creditor Trust, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED upon the terms set forth herein.

2. The Settlement Agreement, which is attached hereto as **Exhibit 1**, is APPROVED in all respects.

3. The Marks Objection, Pollock Objection and Onestone Objection are all overruled.

4. Marks shall have an Allowed Claim in an amount to be agreed upon by Marks, the Carter Parties and the Creditor Trust, or if such parties cannot agree, in an amount so determined upon further order of the Court (the "Allowed Marks Claim"). The Allowed Marks Claim shall be treated as an Allowed Liquidated General Unsecured Claim (Class 4) under the Plan.

2

5.     Pollock shall have an Allowed Claim in an amount to be agreed upon by Thaddeus Pollock, the Carter Parties and the Creditor Trust, or if such parties cannot agree, in an amount so determined upon further order of the Court (the "Allowed Pollock Claim"). The Allowed Pollock Claim shall be treated as an Allowed Liquidated General Unsecured Claim (Class 4) under the Plan.

6.     Onestone 305, LLC's ("Onestone") shall have an Allowed Claim in an amount to be agreed upon by Onestone, the Carter Parties and the Creditor Trust, or if such parties cannot agree, in an amount so determined upon further order of the Court (the "Allowed Onestone Claim"). The Allowed Onestone Claim shall be treated as an Allowed Liquidated General Unsecured Claim (Class 4) under the Plan.

7.     Notwithstanding anything to the contrary in this Order, the Allowed Marks Claim, Allowed Pollock Claim and Allowed Onestone Claim shall be deemed Allowed Claims solely for purposes of distributions under the Plan and not for any other purposes, including for use as a set-off against, or reduction of, any judgment or order obtained against Little Harts Marks Family II, L.P. (including any person or entity related to Little Hearts Marks Family II, L.P.), Thaddeus Pollock (including any person or entity related to Thaddeus Pollock) and/or Onestone 305, LLC (including any person or entity related to Onestone 305, LLC) on account of any of the Assigned Claims.

8.     Subject to the fourteen (14) day stay period set forth in Bankruptcy Rule 7062 (the "Stay"), the Creditor Trustee is authorized to take any and all actions reasonably necessary to perform or enforce any and all obligations contemplated by the Settlement Agreement and this Order, including making distributions to holders of Allowed Claims. Notwithstanding anything to the contrary in the Settlement Agreement requiring a final, non-appealable Approval Order,

3

immediately upon the expiration of the Stay (i) the Allowed Carter/Prime Claims shall be deemed Allowed for all purposes described in the Settlement Agreement, and (ii) the General Mutual Releases contained in Section 6 of the Settlement Agreement shall be effective.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 5, 2022
      White Plains, New York

                                      */s/ Sean H. Lane*
                                      The Honorable Sean H. Lane
                                      United States Bankruptcy Judge

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**"), dated as of March 17, 2022 (the "**Settlement Effective Date**"), is entered into by and between Kenneth P. Silverman, Esq., in his capacity as creditor trustee ("**Creditor Trustee**") under and pursuant to the Chapter 11 Plan (defined below), on the one hand, and 61 Prime, LLC ("**Prime**"), Jason Carter ("**Carter**"), and Lazarus 5, LLC ("**Lazarus**" together with Prime and Carter, the "**Carter Parties**"), on the other. The Carter Parties and the Creditor Trustee are collectively referred to as the "**Parties**" and each a "**Party**".

## RECITALS

WHEREAS, on June 10, 2019 (the "**Petition Date**"), 305 East 61st Street Group, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") (S.D.N.Y. Bankr. Case No. 19-11911-shl);

WHEREAS, on July 16, 2019, the Court entered an order establishing August 30, 2019 as the date by which proofs of claims or interests (collectively, the "**Claims**") against the Debtor were required to be filed in the Debtor's bankruptcy case (the "**General Bar Date**"); and establishing December 9, 2019 as the governmental bar date (the "**Governmental Bar Date**" and, collectively with the General Bar Date, the "**Bar Dates**") [Docket No.25];

WHEREAS, on August 30, 2019, Prime and Carter filed timely Claims in the amount of $20,245,997.00 (Claim No. 9) and $40,655,054.00 (Claim No. 10), respectively (plus additional amounts that may become due and owing), against the Debtor arising from certain damages, losses, penalties, and liabilities incurred prior to the Petition Date (collectively the "**Carter/Prime Claims**");

WHEREAS, the Debtor's schedules reflect Two Million Four Hundred Thirteen Thousand Eight Hundred Eighty Seven and 00/100 ($2,413,887.00) Dollars in Unsecured Claims and the claims register reflects approximately Eighty-Five Million Four Hundred Seven Thousand Eight Hundred Ninety-One and 89/100 ($85,407,891.89) Dollars in Unliquidated General Unsecured Claims, including the Carter/Prime Claims;

WHEREAS, on October 28, 2019, the Court entered an order approving the appointment of Kenneth P. Silverman as Chapter 11 trustee of the Debtor (the "**Chapter 11 Trustee**") [Docket No. 79];

WHEREAS, on May 12, 2020, the Chapter 11 Trustee filed the Chapter 11 Trustee's Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "**Plan**")[1] [Docket No. 171], which was subsequently confirmed by an order of the Court entered on August 21, 2020 ("**Confirmation Order**") [Docket No. 219];

---

[1] All capitalized terms used herein shall have the same meanings ascribed to them in the Plan unless otherwise defined herein.

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

WHEREAS, the Plan and the Confirmation Order established the Creditor Trust into which all of the Debtor's remaining assets, including Causes of Action and Avoidance Actions held by the Debtor against insiders and third parties, were transferred and assigned to be liquidated for the benefit of and distributed to Creditor Trust beneficiaries in accordance with the terms and provisions thereof;

WHEREAS, the Creditor Trustee is authorized and empowered to act on behalf of the Creditor Trust pursuant to the Plan, Confirmation Order and that certain Creditor Trust Agreement between the Debtor and the Creditor Trustee [Docket No. 207 Ex A], including to settle, retain, enforce, or dispute any claims, adversary proceedings or contested matters (including, without limitation, any Causes of Action and Avoidance Actions) and otherwise pursue actions involving Creditor Trust Assets;

WHEREAS, the Plan became effective on September 10, 2020 (the "**Plan Effective Date**");

WHEREAS, the Creditor Trust has slightly less than $2,000,000.00 of cash on hand as of the date hereof;

WHEREAS, since the Plan Effective Date, the Parties have engaged in good faith, arms-length discussions and negotiations regarding, among other things, the Carter/Prime Claims, potential Causes of Action by the Creditor Trust against the Carter Parties and others and related matters;

WHEREAS, as a result of these discussions and negotiations, the Parties reached an agreement to finally and fully resolve all disputes between and among them as outlined in that certain Term Sheet dated as of November 30, 2021, as revised herein; and

**NOW, THEREFORE**, for good and valuable consideration set forth herein, the adequacy and sufficiency of which is recognized for all purposes, the Parties agree as follows:

### TERMS OF SETTLEMENT

1. <u>Allowance of Carter/Prime Claims as Compromised</u>. Effective upon the date that the Approval Order (defined below) is deemed final and non-appealable, the total amount of the Carter/Prime Claims shall be reduced and allowed in the amount of $42,500,000.00 against the Debtor (the "**Allowed Carter/Prime Claims**"), not subject to any other or further objection, diminution, reduction or subordination, except as set forth in paragraph 2 below. The Allowed Carter/Prime Claims shall be treated as an Allowed Liquidated General Unsecured Claims under the Plan (Class 4).

2. <u>Limited Subordination of the Allowed Carter/Prime Claims</u>. In addition to reducing the Carter/Prime Claims as set forth in paragraph 1 above, Carter and Prime also agree to subordinate receipt and contribute that portion of their respective distributions from the Creditor Trust on account of the Allowed Carter/Prime Claims for the payment in full of the Allowed Liquidated General Unsecured Claims (Class 4) held by the creditors listed on Schedule A attached hereto (the "**Schedule A Claims**").

2

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

3. <u>Substantial Contribution of the Creditor Trustee and Counsel</u>. Following payment in full of the Schedule A Claims as set forth in paragraph 2 above, the Carter Parties shall contribute the next $500,000.00 of their respective distributions on account of the Allowed Carter/Prime Claims to the Creditor Trustee and his counsel, to be retained by those parties for the payment and in recognition of a success/substantial contribution fee for demonstrably and materially facilitating the administration of the Creditor Trust. All distributions from the Creditor Trust on account of the Allowed Carter/Prime Claims, other than the amounts set forth in paragraph 2 above and in this paragraph 3, shall be made by the Creditor Trust directly to Carter and Prime and shall be fully and finally retained by Carter and Prime.

4. <u>Objection to Claims</u>. The Creditor Trustee shall file objections (the "**Claim Objections**") to the Claims set forth on Schedule B (the "**Schedule B Claims**") and Schedule C (the "**Schedule C Claims**") attached hereto, in each case seeking an order of the Court disallowing such claims in accordance with the Debtor's books and records. The Creditor Trustee shall prosecute the Claims Objections in order to obtain either (i) an order disallowing each respective Claim; or (ii) a settlement with each such Claim which satisfies the requirements of Bankruptcy Rule 9019, provided that the Carter Parties shall be granted consultation rights with respect to the prosecution and settlement of the Claim Objections; *provided, however*, that Claims Objections involving any person or entity that is the subject of an Assigned Claim (defined below) (collectively, the "**Assigned Claims Objections**") shall be prosecuted and settled, as the case may be, by the Carter Parties (and any designee or designees of the Carter Parties) in their sole discretion. To the extent that Claim Nos. 6 and 12 set forth on Schedule B Claims become Allowed Claims, such Claims shall be treated as Schedule A Claims for purposes of paragraph 2 hereof. To the extent that any Claim set forth on Schedule B Claims (other than Claim Nos. 6 and 12) and any Claim on Schedule C Claims becomes an Allowed Claim, such Claim shall be treated as an Allowed Unliquidated General Unsecured Claims under the Plan (Class 5). Additionally, the Creditor Trustee's time to object to the Carter/Prime Claims shall be extended up to and including the date that the Approval Order (defined below) is deemed final and non-appealable or, in the event that this Settlement Agreement is not approved or the Approval Order is overturned on appeal, five (5) business days from such date.

5. <u>Transfer and Assignment of Causes of Action and Avoidance Actions</u>. The Creditor Trustee hereby transfers and assigns to the Carter Parties (and any designee or designees of the Carter Parties), all right, title and interest of the Creditor Trust in the remaining Causes of Action and Avoidance Actions held by and in the Creditor Trust against all persons and entities (collectively, the "**Assigned Claims**"). All holders of Allowed Liquidated General Unsecured Claims (Class 4) (other than the Schedule A Claims which shall have been paid in full in accordance with paragraph 2 above) shall receive a *pro rata* distribution of any net recoveries from the Assigned Claims (*i.e.*, net recoveries are those recoveries from judgment or settlement after payment in full of all costs, fees and expenses (including attorneys' fees and costs)). A non-exhaustive list of the Assigned Claims is set forth on Schedule D attached hereto.

3

6. General Mutual Releases.

   A. **Release by Creditor Trustee of all Claims and Causes of Action:** Except to enforce the rights and obligations set forth in this Settlement Agreement, effective upon the date that the Approval Order (defined below) is deemed final and non-appealable, the Creditor Trustee, the Creditor Trust, and each of their respective heirs, members, affiliates, agents, representatives, successors and assigns (collectively, the "**Creditor Trust Releasors**"), completely remise, release and forever discharge the Carter Parties and each of their respective heirs, members, affiliates, successors, agents, representatives and assigns (collectively, the "**Carter Parties' Releasees**") from any and all claims, controversies, losses, costs, expenses, damages, liabilities, obligations, demands (including those for legal fees), debts, rights, remedies, actions, causes of action, monies due on account of, obligations, judgements, and liabilities of every kind, nature, and character whatsoever, known, suspected or unknown, at law or in equity, accrued or unaccrued, in contract, in tort or otherwise, reported or unreported, fixed or contingent, whether arising under federal, state, or local law or the common law of any jurisdiction that the Creditor Trust Releasors may now have, or have ever had, against the Carter Parties' Releasees from the beginning of the world up to and including the Settlement Effective Date.

   B. **Release by Carter Parties of all Claims and Causes of Action:** Except to enforce their rights and obligations under this Settlement Agreement, effective upon the date that the Approval Order is deemed final and non-appealable, the Carter Parties and each of their respective heirs, members, affiliates, successors, agents, representatives and assigns (collectively, the "**Carter Parties' Releasors**"), completely remise, release and forever discharge the Creditor Trustee and the Creditor Trust and each of their respective agents and representatives (collectively, the "**Creditor Trust Releasees**") from any and all claims, controversies, losses, costs, expenses, damages, liabilities, obligations, demands (including those for legal fees), debts, rights, remedies, actions, causes of action, monies due on account of, obligations, judgements, and liabilities of every kind, nature, and character whatsoever, known, suspected or unknown, at law or in equity, accrued or unaccrued, in contract, in tort or otherwise, reported or unreported, fixed or contingent, whether arising under federal, state, or local law or the common law of any jurisdiction that the Carter Parties' Releasors may now have, or have ever had, against the Creditor Trust Releasees from the beginning of the world up to and including the Settlement Effective Date.

7. Court Approval. This Settlement Agreement (and the transactions more fully contemplated herein) is subject to the approval of the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Approval Order**").

4

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

8. **Integration; Modification; Binding Effect.** This Settlement Agreement sets forth the entire agreement and understanding among the Parties as to the subject matter hereof and supersedes any prior understanding or agreement. This Settlement Agreement may be amended or modified only by a writing signed by each of the Parties. This Settlement Agreement is binding upon and shall inure to the benefit of each Party hereto, and each of its successors and assigns

9. **Representations and Warranties.** The Parties warrant and represent that: (a) each has full power and authority to enter into this Settlement Agreement and to perform all obligations required hereunder (subject only to entry of the Approval Order); (b) none has heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, in whole or in part, any right or claim being released and discharged herein; and (c) each is the sole owner of the rights and claims being released and discharged hereunder. In addition, the Creditor Trustee warrants and represents that it is the sole owner of the Assigned Claims and has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, in whole or in part, any of the Assigned Claims.

10. **No Reliance.** Each of the Parties agrees that in executing this Settlement Agreement and in accepting the consideration provided for herein, the Parties do so with full knowledge of any and all rights it may have with respect to the controversies herein compromised. Each of the Parties affirms that it is not relying and has not relied upon any representation or statement made by any other Party with respect to the facts involved in said controversies or with regard to each party's legal rights or asserted legal rights. Each of the Parties hereby assumes the risk of any mistake of fact or legal right with regard to said controversies or with regard to any of the facts or legal rights that are now unknown to such Party.

11. **Representation by Counsel.** The Parties agree that they have each received independent legal advice from their attorneys with respect to their rights. The Parties further agree that they and their counsel have each had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Settlement Agreement, prior to the execution hereof.

12. **Governing Law and Jurisdiction.** This Settlement Agreement shall be construed under and governed by the substantive laws of the State of New York without giving effect to the choice of law principles thereof. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any and all determinations or disputes regarding this Settlement Agreement.

13. **No Admission of Wrongdoing.** This Settlement Agreement has been entered into for the purpose of avoiding controversy and litigation between the Parties. Neither the fact that this Settlement Agreement was signed nor the compliance with the terms of this Settlement Agreement will be considered as an admission by the Parties of any acts of wrongdoing of any kind whatsoever, nor shall it be deemed to render any of the Parties the prevailing party. All Parties specifically deny any wrongdoing.

14. **Counterparts.** This Settlement Agreement may be executed in counterparts, and each fully executed counterpart shall be deemed an original of this Settlement Agreement.

5

Facsimile, electronic, and pdf format signatures shall be deemed originals and given the same force and effect.

IN WITNESS WHEREOF, each of the Parties have caused this Settlement Agreement to be executed as of the date first written above.

Dated: March 17 2022

SILVERMANACAMPORA, LLP.
*Counsel to Kenneth P. Silverman, Esq., Chapter 11 Trustee of 305 East 61st Street Group LLC*

By: ███████████

Justin Krell
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

Dated: March 17, 2022

ALSTON & BIRD LLP
*Counsel to 61 Prime LLC, Jason Carter and Lazarus 5, LLC*

By: ███████████

Gerard S. Catalanello
90 Park Avenue
New York, New York 10016
(212) 210-9509

6

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

## SCHEDULE A

| Claim No. | Name of Creditor | Date Filed | Amount of Claim |
|---|---|---|---|
| 1 | New York State Department of Taxation & Finance | 6/12/2019 | $231.15 |
| 2 | NYC Office of Administrative Trials and Hearings | 7/26/2019 | $12,500.00 |
| 11 | SieMatic Moebelwerke | 8/30/2019 | $92,026.90 |
| 13 | Gerber Ciano Kelly Brady LLP | 8/19/2019 | $15,647.15 |

## SCHEDULE B

| Claim No. | Name of Creditor | Date Filed | Amount of Claim |
|---|---|---|---|
| 3 | Virginio Antonio | 8/7/2019 | $2,500,000.00 |
| 4 | Miguel Quintana | 8/22/2019 | Unknown |
| 6 | Landmark Associates-2, LLC | 8/28/2019 | $100,000.00 |
| 12 | PCCM Management Corp. | 8/15/2019 | $121,000.00 |
| 15 | ADG Architecture & Design, P.C. | 1/30/2020 | $55,144.20 |

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

SCHEDULE C

| Claim No.[2] | Name of Creditor | Date Filed | Amount of Claim |
|---|---|---|---|
| 7 | Thaddeus Pollock | 8/29/2019 | $4,006,840.89 |
| 8 | Little Hearts Marks Family II, L.P. | 8/30/2019 | $12,000,000.00 |

---

[2] For the avoidance of doubt, Claim No. 14 for $6,000,000 was filed by Acqua Ancien Bath New York Inc. on November 11, 2019, after the General Bar Date, and has been expunged pursuant to the Plan without further notice to or action, order or approval of the Court.

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK

## SCHEDULE D

The Assigned Claims by the Creditor Trustee to Jason Carter, 61 Prime, LLC and Lazarus 5, LLC (and any designee(s) or assignees of Jason Carter, 61 Prime, LLC and Lazarus 5, LLC), include, without limitation, all claims, suits and causes of action against the following persons and entities (including any persons or entities affiliated with the following):

ADG Architecture & Design, P.C.
Chris Carrano
George Schell, PE
Offices of James Ruderman, PE
Tin Chi Lee, PE
Jay Butler, PE
CES Engineering LLC
Delbert Smith PE
John S Deerkoski, PE & Associates
Robert Lenahan Architect PC
Robert M Sears, AIA
The Hudson Group (NJ CO)
Vladimir Constant PE
Engineering Group Associates, PC
Junhui Jia, PE
Brian T. O'Connor, RA
Green Design
Cypress Green Construction
Victor Sanchez
Alonso Balaguer Design
TLB Architecture LLC (CT firm)
Smart Building Maintenance, Inc.
Next Solutions City Corp.
PCCM Management Corp.
The Marks Group
Little Hearts Marks Family II, L.P.
Mitchell Marks

The Assigned Claims include, without limitation, all claims, Assigned Claims Objections, defenses, counterclaims, suits and causes of action relating to, or arising from, work performed and/or services provided to or for the benefit of that certain property located at 305-307 East 61st Street, New York, New York 10065, or to or for the benefit of 305 East 61st Street Group, LLC, and include (but are not limited to), claims, suits and causes of action based upon inadequate plans/drawings; negligent design advice; negligent building supervision; poor project management resulting in financial loss; engineering or architectural malpractice; negligence; breach of contract; and fraud committed by some or all of the aforementioned entities and persons on this Schedule D.

19-11711-shl    Doc 310    Filed 12/05/22    Entered 12/05/22 17:27:27    Main Document
Pg 15 of 15

Error! Unknown document property name.

2784089v3 / 068156.1 / JSK